IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-17-11 |
| | § | |
| SERGIO GOMEZ-OLAN | § | |

## ORDER OF DETENTION PENDING TRIAL

On April 12, 2017, the Court reconvened the Detention Hearing in this cause to hear and consider the testimony of Dustin Dockery, the Texas Game Warden who issued to the Defendant, **Sergio Gomez-Olan,** a citation on April 2, 2016, for hunting without consent on federal property of the Corp of Engineers. It was Dockery's confrontation with **Gomez** that ultimately led to the charges filed against him in this case. The Government sought detention of **Gomez** based upon his status as an illegal alien and the risk he will flee to avoid prosecution. **Gomez** sought a bond so that he could be transferred to I.C.E. custody to request a bond from an immigration court and procure his release pending the resolution of this prosecution. Having now considered all of the evidence, the Court issues the following findings of fact and conclusions of law.

1. That pursuant to the Indictment there is probable cause to believe that **Gomez** committed the offense of being an alien illegally in the United States in possession of a firearm that had moved in interstate commerce;

2. That the strength of the Government's case is substantial given that **Gomez**, a Mexican citizen illegally in the United States, was unlawfully hunting on federal property and was carrying a .22 caliber rifle manufactured outside of the State of Texas when confronted by Dockery on April 2, 2016;

3. That although **Gomez** has been illegally in the United States for thirteen years and remained at the same address from his April 2, 2016, encounter with Dockery until the date of his arrest, there is no evidence that he had any reason to believe federal charges would be brought against him as a result of that confrontation which could result in his imprisonment and ultimate deportation;

4. That according to I.C.E. regulations, **Gomez** is considered an extreme risk of flight;

5. that **Gomez** does not have sufficient ties to this community to assure he will remain in the United States and face prosecution for this offense if he were given bonds in this case;

6. That pursuant to the foregoing findings **Gomez** would present a serious risk of flight were he to be released on bonds; and

7. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Gomez** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that the Defendant, **Sergio Gomez-Olan**, be, and is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility.

It is further **ORDERED** that the Defendant, **Sergio Gomez-Olan**, **SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Sergio Gomez-Olan** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas, this      13th      day of April, 2017.

_____
John R. Froeschner
United States Magistrate Judge